Loretta **ROLLAND, et al., Plaintiffs,**

v.

**W. Mitt ROMNEY, et al., Defendants.**

**No. CIV.A.98–30208–KPN.**

United States District Court,
D. Massachusetts.

July 23, 2003.

Richard D. Belin, Foley Hoag LLP, Boston, MA, for Plaintiffs.

Kristi A. Bodin, Office of Attorney General, Springfield, MA, for Defendants.

*MEMORANDUM AND ORDER WITH REGARD TO PLAINTIFFS' MOTION FOR SHOW CAUSE AND FOR FURTHER INJUNCTIVE RELIEF (Document No. 362)*

NEIMAN, United States Magistrate Judge.

Plaintiffs in this class action seek to hold Defendants in contempt for violating the court's May 3, 2002 order to provide active treatment to persons in nursing facilities with mental retardation and other developmental disabilities. The May 3rd order, Plaintiffs point out, was the last of several which required Defendants to provide active treatment. Should the court find Defendants in contempt, Plaintiffs assert, it should order further relief including, but not limited to, civil fines, the appointment of a court monitor, and ongoing certification that no class member will be admitted to a nursing home if there is an appropriate community placement for that individual. For their part, Defendants deny any contemptuous behavior and ask that Plaintiffs' motion be denied.

A hearing was held on June 27, 2003. After considering the parties' oral and written submissions, the court will deny Plaintiffs' motion to hold Defendants in contempt. In doing so, however, the court will make clear that, to the extent there has been any ambiguity in its previous orders, Defendants must provide service plans and active treatment to each and every class member for whom specialized services is appropriate by December 30, 2003, lest contempt sanctions thereafter be imposed.

## I. DISCUSSION

Although, at times, Plaintiffs' concerns go further afield, their essential argument focuses on paragraphs 1 and 2 of the court's May 3, 2002 order. Paragraph 1

provided that, within 60 days thereof, Defendants were to "establish and implement a system for (a) a DMR [Department of Mental Retardation] service coordinator and one individual service plan for each class member with mental retardation, and (b) a case manager and an interdisciplinary treatment plan for each individual with other developmental disabilities." Paragraph 2 required that Defendants, within 60 days of the order, "establish and implement a clear policy of 'active treatment' to be provided to all class members who need specialized services."

The parties are fully conversant with ensuing developments. For that reason, and in order to respond as promptly as possible to the parties' present dispute, the court will dispense with further explication. Suffice it to say for purposes here, Defendants' progress in providing active treatment to members of the class has been painfully slow. Indeed, Defendants' sixth semi-annual report of February 14, 2003—provided to Plaintiffs in accord with paragraph 24 of the parties' October 29, 1999 Settlement Agreement (Document No. 115)—makes clear that Defendants did not intend to ensure that all class members would have unified service plans, and hence active treatment, until May of 2004. (See Plaintiffs' Motion (Document No. 362), Exhibit 1.) To be sure, Defendants have since indicated to both Plaintiffs' counsel and the court that this implementation schedule would be accomplished somewhat earlier, i.e., by December 30, 2003. (See Second Affidavit of Julia Knowles (Document No. 378), ¶ 21.) Unfortunately, this is not what the court had in mind when it issued its May 3, 2002 order. Having reviewed all the facts, however, the court does not believe that Defendants' failure to comply with that order amounts to civil contempt.

 As both parties recognize, "courts have the inherent power to enforce compliance with their lawful orders through civil contempt." *Spallone v. United States,* 493 U.S. 265, 276, 110 S.Ct. 625, 107 L.Ed.2d 644 (1990). Good faith is not a defense. *See Fortin v. Comm'r of Mass. Dep't of Public Welfare,* 692 F.2d 790, 796 (1st Cir.1982). *See also McComb v. Jacksonville Paper Co.,* 336 U.S. 187, 191, 69 S.Ct. 497, 93 L.Ed. 599 (1949) ("The absence of wilfulness does not relieve from civil contempt."). Indeed, as Plaintiffs argue, the court not only has the right, but also the obligation to prevent violations of its orders. *See generally Aspira of New York, Inc. v. Bd. of Educ. of City of New York,* 423 F.Supp. 647 (S.D.N.Y.1976). Thus, when a court determines that a defendant may have violated its obligation under a decree "by failures of diligence, effective control, and steadfast purpose to effectuate the prescribed goals," a contempt finding is in order. *Id.* at 651. To find a party in contempt, however, the court's order must have been clear and unambiguous. *See Gemco Latinoamerica, Inc. v. Seiko Time Corp.,* 61 F.3d 94, 98 (1st Cir.1995); *Project B.A.S.I.C. v. Kemp,* 947 F.2d 11, 16 (1st Cir.1991). Moreover, noncompliance with a court order must be shown by clear and convincing evidence. *See Langton v. Johnston,* 928 F.2d 1206, 1220 (1st Cir.1991).

Interestingly enough, the parties both claim that the court's May 3, 2002 order is unambiguous. The first paragraph of the order, Plaintiffs assert, requires that each class member be provided a single, integrated service plan and a case manager/service coordinator within sixty days, i.e., no later than July 3, 2002. Paragraph 2, Plaintiffs assert, requires the implementation of an active treatment policy by that same date.

For their part, Defendants maintain that the order does not mandate the actual provision of services to each and every

member of the class within sixty days. Such a schedule, Defendants argue, would simply have been impossible to achieve. Rather, Defendants assert, Paragraph 1 simply directs them, in broad terms, to "establish and implement" a "system" for providing each class member with an integrated service plan. Similarly, Defendants argue, Paragraph 2 only provides that a "clear policy of active treatment" be established within sixty days.

■ Defendants' claim that they need only establish a "system" of active treatment rather than provide active treatment to each classmember, is stretching—although perhaps not breaking—the language of the May 3, 2002 order. Nonetheless, the parties' competing interpretations reveal the somewhat ambiguous nature of the language utilized by the court. This ambiguity, however slight, coupled with the significant efforts undertaken by Defendants, makes it difficult, if not impossible, for the court to hold them in contempt of the May 3, 2002 order.

This is not to say that the court is satisfied with the state of affairs for members of Plaintiffs' class. As is clear from the tortuous history of the litigation, specialized services to the class have been a long time coming at levels mandated by federal law. The court believes that much of this delay is attributable to Defendants' historic resistance to the concept of active treatment, as the court has previously observed. In this vein, the court notes that Defendants' December 6, 2002 "Revised Policy" of active treatment was, by its own terms, "subject to [Defendants'] right of appeal ... with full reservation of right." (Plaintiffs' Motion, Exhibit 1.) This conditional language remains despite the First Circuit's recent rejection of Defendants' appeal. *See Rolland v. Romney*, 318 F.3d 42 (1st Cir.2003). In any event, whatever the ambiguity in the May 3, 2002 order, it was certainly not the court's intention to authorize Defendants to wait two years before fulfilling their obligations.

Still, as Plaintiffs themselves appear to recognize, Defendants have implemented a significant portion of the court's order. Each class member has a service coordinator or case manager, Defendants have conducted extensive training and they secured an evaluation of their new PASARR instrument by the independent expert. Moreover, newly admitted class members appear to be receiving service plans in a timely manner.

Nonetheless, as described, individual service plans have not yet been implemented for a significant number of existing classmembers, some of whom have been waiting the longest. Indeed, Defendants concede that they will not complete that task by August 1, 2003, the end of the nine month period which they indicated at a court hearing on November 1, 2003, was necessary. Thus, it is no wonder that Plaintiffs' experts discovered few, if any, classmembers who had integrated service plans as of April of this year. (See Plaintiff's Motion, Exhibits 2 and 3.)

The court, however, does not believe that Defendants' failure to timely implement the court's order is due to a lack "of diligence, effective control [or] steadfast purpose." *Aspira*, 423 F.Supp. at 651. Part of the delay is the sheer size of the task. Another part is no doubt related to the pilot program which Defendants implemented in February and March of this year. (See Second Affidavit of Julia Knowles, ¶¶ 17 and 18.) In the end, therefore, the court is willing to accept Defendants' representation that they will fully implement the order by December 30, 2003. This is not much longer than the ninety day period Plaintiffs suggested in the midst of this controversy. (See Plaintiffs' Reply Brief (Document No. 388), Exhibit 4.)

In accepting this deadline, the court is well aware of Plaintiffs' allegation that, more often than not, active treatment has not been provided even to classmembers with service plans. Defendants, for their part, minimize the concern, billing it to Plaintiffs' disagreement with judgments exercised by Defendants in the eight individual cases examined by Plaintiffs' experts. That may or may not be true. But in implementing the May 3, 2002 order— and having more than enough time to do so—Defendants should be well aware of the heightened scrutiny which the court will exercise should Plaintiffs' concerns about active treatment remain. In short, while the court will deny the instant motion, it will not countenance any further delay in providing service plans and, hence, active treatment. In the words of Defendants' counsel, each member of Plaintiffs' class shall be provided active treatment by December 30, 2003, "not one day later."

## II. CONCLUSION

For the foregoing reasons, Plaintiffs' motion is DENIED.

IT IS SO ORDERED.